No. 09-2091, United States v. Pablo, No. 09-2091

**BRISCOE**, Chief Judge, concurring.

I concur and write only to address the Confrontation Clause issue addressed by the majority. In my view, it is unnecessary to decide whether, in light of Williams v. Illinois, 132 S. Ct. 2221 (2012), the district court committed plain error in admitting Snider's testimony. That is because, even assuming it was plain error, Pablo cannot establish that the admission of Snider's testimony violated his substantial rights. Snider testified as an expert witness regarding the DNA analysis and serology analysis performed by the crime lab. Her testimony "conveyed to the jury that the DNA analysis connected Pablo to DNA found on [the victim]'s genitalia as well as to a condom found at the scene of the rape." Maj. Op. at 7. That Pablo had vaginal sex with the victim, however, was undisputed. Three witnesses — the victim, Isaac, and Pablo himself — all testified, consistent with the DNA analysis, that Pablo had vaginal sex with the victim. The key difference in these witnesses' testimony was whether the sex was forcible, as the victim and Isaac testified, or consensual, as Pablo testified. As the majority correctly concludes, Snider's testimony had no impact on the jury's resolution of this singularly critical issue. Id. at 20-23.